IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GARRETT HANNES,<br><br>    Defendant. | 8:24-CR-61<br><br><br>ORDER |

   This matter is before the Court on defendant Garrett Hannes's three *pro se* motions. In Filing 110, filed on November 5, 2025, the defendant brings two motions: a Motion to Expand Record to Include New Evidence, Filing 110 at 1–3, and a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and for Ineffective Assistance of Counsel, Filing 110 at 4–8. The defendant explains that his Motion to Expand Record is "brought in conjunction with [his] previously filed *Motion for Ineffective Assistance of Counsel*[ ] and *Motion to Vacate Sentence*." Filing 110 at 1 (emphasis in the original). Despite the defendant's reference to two "previously filed" motions, Filing 110 is the first document that the defendant has filed. *See generally* docket 8:24cr61. Thus, the Court construes the single Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and for Ineffective Assistance of Counsel contained within Filing 110 to be the "previously filed" motions referenced in the Motion to Expand Record. *See United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) ("A document filed *pro se* is to be liberally construed." (internal quotation marks and citations omitted)). On November 10, 2025, the defendant filed another Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255 on Grounds that the Statute of Conviction is Unconstitutional. Filing 109. In light

1

of all this, the Court presently considers two motions under 28 U.S.C. § 2255 and one motion to expand the record in relation to a § 2255 motion. The Court has conducted an initial review of those motions pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons below, the defendant's motions are dismissed as premature.

I. BACKGROUND

In April 2024, the defendant pleaded guilty to failing to register as a sex offender. Filing 20 (Text Minute Entry); Filing 28. At the defendant's sentencing hearing on October 2, 2024, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement, which provided that the defendant would be sentenced to a term of 10 months of incarceration—well below the defendant's guideline custody range of 15 to 21 months. Filing 55 (Text Minute Entry); Filing 26 (Plea Agreement); Filing 57 at 1. The Court was very hesitant to accept the binding Rule 11(c)(1)(c) plea agreement given the Court's consideration of the 18 U.S.C. § 3553(a) factors and given that the Court had received several negative communications from members of the public expressing concern regarding the defendant's character and conduct. The Court addressed these communications at the sentencing hearing and admitted into evidence both those communications and communications submitted on the defendant's behalf. Although the Court had great concerns with the plea agreement that the parties submitted to the Court, the Court decided to accept the plea agreement given the circumstances and after consideration of the victims involved. Consistent with that binding plea agreement, the Court sentenced the defendant to 10 months of incarceration to be followed by a 5-year term of supervised release. Filing 60 (Amended Judgment).

The defendant began his term of supervised release on January 3, 2025. Filing 93 at 1. By September 19, 2025, a Fifth Amended Petition for Warrant or Summons for Offender Under Supervision (Fifth Amended Petition) had been filed against the defendant, alleging ten violations

of his term of supervision. Filing 93. On October 9, 2025, the defendant appeared before the Court for a hearing on the Fifth Amended Petition. Filing 95 (Text Minute Entry). At that hearing, the defendant admitted to Allegations 1 and 8 in the Fifth Amended Petition. Filing 95; Filing 97 (Judgment). Allegations 1 and 8 were both Grade C violations of the defendant's term of supervision. Filing 92 at 1–2; U.S.S.G. § 7B1.1. Allegation 1 provided that the defendant had violated Mandatory Condition #3 of his term of supervision, which required him to refrain from any unlawful use of a controlled substance and to submit to one drug test within 15 days of being placed on probation and at least two periodic drug tests thereafter. Filing 93 at 2. The defendant admitted that he failed to report for three scheduled drug tests. Filing 93 at 2. Allegation 8 provided that the defendant had violated Mandatory Condition #1, which required that he not commit another federal, state, or local crime. Filing 93 at 4. By admitting to Allegation 8, the defendant admitted that he eluded state law enforcement by leading officers on a chase from Douglas County, Nebraska, to Washington County, Nebraska, after the officers attempted to execute a warrant. Filing 93 at 4. The Court granted the Government's motion to dismiss the remaining allegations in the Fifth Amended Petition. Filing 95; Filing 97 at 1.

As set out in the Fourth Amended Violation Provisions and Recommendation, the defendant's guideline custody range for a Grade C violation was 6 to 12 months. Filing 92 at 1–2. However, the statutory maximum prison term based on the defendant's underlying conviction for a Class C Felony was 24 months. Filing 92 at 1; *see also* 18 U.S.C. § 3583(e)(3). After revoking the defendant's term of supervised release, the Court sentenced the defendant to 24 months of incarceration to be followed by 60 months of supervised release. Filing 97. The defendant timely filed a Notice of Appeal. Filing 99. The defendant's appeal is currently pending before the Eighth Circuit Court of Appeals.

The Federal Public Defender for the District of Nebraska was appointed to represent the defendant, Filing 7, and attorneys from that office represented the defendant at his sentencing and at his supervised release violation hearing. Filing 55; Filing 95. The Eighth Circuit ordered the Federal Public Defender for the District of Nebraska to "represent (or to continue to represent)" the defendant on his appeal. Filing 104. However, defense attorney Michael J. Hansen has since been permitted to withdraw as counsel, and the defendant is proceeding *pro se* on his appeal. *See* Eighth Circuit Court of Appeals docket number 25-3060.

## II. ANALYSIS

The Eighth Circuit has held that a § 2255 motion is properly dismissed as premature when the motion was filed while a direct appeal was pending. *United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992) ("Because [the appellant] filed this [*pro se* 28 U.S.C. § 2255] motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed."); *see also Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) (per curiam) (explaining that "[o]rdinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending")); *Blade v. United States*, 266 Fed.Appx. 499, 499 (8th Cir. 2008) (unpublished per curiam) (noting that the Eighth Circuit had previously "summarily affirmed the [district court's] dismissal" of the appellant's § 2255 motion filed "[w]hile his direct appeal was pending" and had only "amended the dismissal to be without prejudice"). Courts in this district and in other districts in the Eighth Circuit have therefore dismissed without prejudice § 2255 motions filed during the pendency of a direct appeal. *See, e.g.*, *United States v. Wright*, No. 8:22CR253, 2025 WL 3034921, at *1 (D. Neb. Oct. 30, 2025) (dismissing the defendant's § 2255 motion as premature and without prejudice because the defendant's appeal was still pending); *Curry v. United States*, No. 1:25-cv-00046-MTS, 2025 WL 1067933, at *2 (E.D. Mo. Apr. 9, 2025) (dismissing as

4

premature and without prejudice the defendant's § 2255 "motion to attack his sentence [filed] during the pendency of the direct appeal of that same sentence"); *Ward v. United States*, No. 5:24-CV-05034-RAL, 2024 WL 2941555, at *2 (D.S.D. June 11, 2024) (concluding that even if the court construed the defendant's pleading as a § 2255 motion, "it plainly appears from the motion and the record of the underlying criminal proceeding that the § 2255 motion is premature" because the defendant's "direct appeal remains pending"); *Jackson v. United States*, No. 1:16-cv-223, 4:14-cr-135, 2016 WL 9022565, at *1 (D.N.D. July 19, 2016) (finding the defendant's § 2255 motion to be premature and dismissing it without prejudice "[b]ecause the Defendant has a direct appeal pending before the Eighth Circuit").

Here, the defendant's direct appeal of his sentence is currently pending before the Eighth Circuit. As a result, the defendant's two § 2255 motions challenging that sentence are premature.[1] It is clear from the defendant's Motion to Expand the Record that that motion pertains to at least one of his § 2255 petitions. Filing 110 at 1. Because the § 2255 petitions are premature, the Motion to Expand Record related to one of those petitions is also premature. All three of the defendant's motions are therefore dismissed without prejudice. Subject to the limitations period in 28 U.S.C. § 2255(f), the defendant may file a new § 2255 petition and any motions related to that § 2255 petition after his judgment of conviction becomes final.

---

[1] Some courts have recognized an exception to the rule that a § 2255 motion should be dismissed while a direct appeal is pending. Those courts consider whether "extraordinary circumstances" exist to warrant the consideration of the § 2255 motion. *See, e.g.*, *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) ("Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is pending."); *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) ("[W]e have held on more than one occasion that a district court should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstance."); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("[W]e now adopt the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal."). The Eighth Circuit does not appear to have adopted this exception. Even if it had, the Court finds that no extraordinary circumstances exist in this case.

When, as here, a § 2255 petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find the Court's decision debatable. Thus, to the extent a certificate of appealability is necessary, no certificate of appealability will issue. Accordingly,

IT IS ORDERED:

1. The defendant's Motion to Expand Record to Include New Evidence and his Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and for Ineffective Assistance of Counsel, both in Filing 110, are dismissed without prejudice as premature;

2. The defendant's Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255 on Grounds that the Statute of Conviction is Unconstitutional, Filing 109, is also dismissed without prejudice as premature; and

3. No certificate of appealability shall issue.

Dated this 26th day of November, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge